IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KENNETH BLUM et al.,<br>    Plaintiffs,<br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>    Defendant.<br><br>―――――――――――<br><br>ENNO EDZARDS et al.,<br>    Plaintiffs,<br>v.<br><br>RAYTHEON COMPANY,<br>    Defendant.<br><br>―――――――――――<br><br>ULRICH BEHRENDT et al.,<br>    Plaintiffs,<br>v.<br><br>LUCENT TECHNOLOGIES, INC. et al.,<br>    Defendants.<br><br>―――――――――――<br><br>KARL-HEINZ SCHATZ et al.,<br>    Plaintiffs,<br>v.<br><br>HONEYWELL INTERNATIONAL, INC. et al.,<br>    Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | EP-07-CA-99-PRM<br>(Consolidated Action) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS FOR FAILURE TO JOIN A PARTY UNDER RULE 19**

Plaintiffs in the above-captioned actions, by their undersigned attorneys, submit this opposition to Defendants' Motion to Dismiss for Failure to Join a Party Under Rule 19 (Docket No. 35).

## I.     INTRODUCTION

Defendants contend that the Federal Republic of Germany ("Germany") is an indispensable party because Germany is a joint tortfeasor or a partial subrogee of Plaintiffs' claims. Their motion collapses under the weight of the controlling authority. In cutting and pasting from their Rule 19 motion from *Marvin Norwood et al. v. Raytheon Company et al.*, Case No. EP-04-CA-127-PRM ("the Norwood Actions"), Defendants apparently gave little thought to the present motion. They request the dismissal of this entire action, not just of the German plaintiffs, even though the motion has no conceivable application to the American plaintiffs. Notably, after the Court dismissed without prejudice the Rule 19 motion in the Norwood Actions, Defendants never bothered to re-file it. The present motion appears designed only to lend credibility to the "joinder" prong of their contemporaneously filed *forum non conveniens* motion.

*Temple v. Sythes Corp., Ltd.*, 498 U.S. 5, 8 (1990), directs that joint tortfeasors are "merely permissive parties" under Rule 19. Defendants offer three grounds to distinguish *Temple*. None holds any water. First, they advance an "active participant" exception that, in product liability cases, would be contrary to the facts of *Temple* and swallow the rule announced therein. Second, Defendants argue that their potential claims for contribution or indemnity against Germany (as a joint tortfeasor) transform Germany a necessary party. Fifth Circuit law is directly to the contrary. Third, and finally, Defendants speculate that Germany may pursue a subrogation

claim against them, making Germany a necessary party.  Again, Fifth Circuit law is directly to the contrary.

Even if Defendants could show that Germany was a necessary party under Rule 19(a), they have not met their burden of showing that Germany is an indispensable party under Rule 19(b).  By arguing that this action cannot proceed in equity and good conscience without Germany, Defendants essentially advance a truncated *forum non conveniens* analysis – giving dispositive weight to a single factor that the Court previously found to weigh, at best, slightly in favor of litigation in Germany.[1]  Defendants' Rule 19 motion, contrary to controlling authority in every respect, should be denied.

## II.   ARGUMENT

### A.   Standard

In considering a motion to dismiss a suit for failure to join an indispensable party under Rule 19, this Court must first determine whether the party to be joined is a necessary party under Rule 19(a).  If the party to be joined is deemed necessary, and cannot be joined, then the Court must determine whether the party is indispensable to the suit under Rule 19(b).  The burden of showing that an absent party is necessary, cannot be joined, and is indispensable is on the moving party.  *James v. Valvoline, Inc.*, 159 F. Supp. 2d 544, 550 (S.D. Tex. 2001).

---

[1] Plaintiffs incorporate by reference their contemporaneously filed opposition to Defendants' *forum non conveniens* motion.  That opposition contains a much more detailed background of this litigation.

### B.      Germany Is Not A Necessary Party

#### 1.      Joint Tortfeasors Are Not Necessary Parties Under Rule 19(a)

Rule 19(a),which controls whether a party should be joined as a "necessary" party, provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the persons ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

Defendants must, and do, concede that joint tortfeasors "are not generally considered necessary parties under Rule 19(a)." Docket No. 35, at 10.  This is undoubtedly the law.  In *Temple*, the Supreme Court recognized that "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit" and held that joint tortfeasors are "merely permissive parties" under Rule 19. *Temple*, 498 U.S. at 8.  Courts have repeatedly relied "on the unqualified, broad rule established by *Temple*, that joint tortfeasors are not necessary parties" to deny motions like Defendants' present motion. *August v. Boyd Gaming Corp.*, 135 Fed. Appx. 731, 734 (5th Cir. 2005).  *See*, *e.g.*, *James*, 159 F. Supp. 2d at 551-52. "An almost unbroken line of federal decisions holds that persons whose liability is joint and several may be sued separately in federal court." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993) (quoting *Park v. Didden*, 695 F.2d 626, 631 (D.C.

Cir. 1982)). None of defendants' arguments are sufficient to overcome the well-established legal rule that joint tortfeasors are not necessary parties.

### 2. The Same Facts That Create the Potential for Joint And Several Liability Cannot Transform Joint Tortfeasors Into Necessary Parties

In arguing that Germany's active participation in the underlying facts makes it a necessary party, defendants would have this court overturn the rule confirmed by the Supreme Court in *Temple*. The Court should decline defendants' invitation to commit the precise error that led to the holding in *Temple*, which reversed a Fifth Circuit decision labeling potential joint tortfeasors in a products liability case as necessary and indispensable parties under Rule 19.

Defendants recite a number of facts that they believe cause Germany to share in their liability for plaintiffs' injuries. They contend that this "active participation" should be understood as a kind of perfect circle, where it takes nothing more than the active participation of a potential joint tortfeasor to avoid the rule that joint tortfeasors are permissive parties. This is a proposition that is, and must be, wrong for two immediately obvious reasons.

First, joint tortfeasors would not be generally permissive parties if active participation in the alleged wrong made them necessary parties. Although liability can sometimes occur without active participation, it is far more common to have liability attach to parties that are active participants in the alleged wrong. The usual circumstance, therefore, is that joint tortfeasors will be enmeshed in the underlying facts giving rise to liability. To say, as defendants do, that the very thing that most often creates joint and several liability defeats the general rule regarding joint tortfeasors as permissive parties is obviously mistaken.

Second, the doctor at issue in *Temple* would surely qualify (as much as Germany can be said to qualify) as an "active participant" in the alleged wrong. The doctor implanted the device complained of and was inextricably bound up, by his active participation, in the potential dispute between joint tortfeasors about their respective liability for the screws breaking off inside plaintiff's back after the doctor performed the back surgery. If Defendants' "active participation" theory were correct, *Temple* was wrongly decided.

Defendants cite four cases for their sweeping (and mistaken) contention that active participation by a potential joint tortfeasor makes that potential joint tortfeasor a necessary party under Rule 19(a). None of these cases overcome the holding in *Temple* and hundreds of other cases that rely on this holding to find that joint tortfeasors are not necessary parties. In fact, the only products liability case cited by Defendants in support of their active participation theory held, like *Temple*, that joint tortfeasors in product liability cases are not necessary parties. *See Payan v. Continental Tire N. Am., Inc.*, 232 F.R.D. 587, 589 (S.D. Tex. 2005).

Outside the product liability context, Defendants rely on *Haas v. Jefferson National Bank*, 442 F.2d 394 (5th Cir. 1971), which provides no support for their contentions. This case was decided before the Supreme Court overturned the Fifth Circuit in *Temple*. *Haas* involved a mandatory injunction directed toward the named defendant bank. *Id.* at 395. The injunction would have required the bank to issue the plaintiff a certain number of shares of its common stock. *Id.* Alternatively, the plaintiff sought damages. *Id.* He alleged that he had an agreement with another individual, Glueck, that gave him half ownership of the stock at issue. *Id.* The bank contended that Glueck was a necessayr and indispensable party. *Id.* On these facts, the Fifth Circuit held that it was "readily apparent" that Glueck was a necessary and indispensable

party. *Id.* at 398. "Glueck's absence would expose the defendant Bank 'to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." *Id.* "If Haas prevailed in this litigation in the absence of Glueck and were adjudicated owner of half of the stock, Glueck, not being bound by res adjudicata, could theoretically succeed in later litigation against the Bank in asserting ownership of the whole." *Id*. *Haas* expressly depended on this particular Rule 19(a)(2)(ii) criterion, whereby the defendant faced the prospect of being held liable twice.

*Haas* is inapplicable in this products liability tort action. Defendants "cannot be subjected to double or multiple obligations since [their] liability is several for the entire amount."*James*, 159 F. Supp. at 552 (quoting *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 503 (7th Cir. 1980) ((quoting 3A Moore's Federal Practice ¶ 19.07-1(2.-2) at n.45 (2d ed. 1979))). Defendants face no risk of paying twice.

Defendants next cite *Laker Airways, Inc. v. British Airways*, 182 F.3d 843, 848 (11th Cir. 1999). In *Laker*, the plaintiff airline sued British Airways (BA), alleging that BA violated antitrust laws monopolizing air service between Miami and London through a conspiracy with Airport Coordination Limited (ACL). *Id.* at 845. "The interests of ACL" were more significant than those of a routine joint tortfeasor." *Id*. at 848. If the court held that ACL participated in the alleged conspiracy, the court would necessarily have held that ACL failed to act neutrally and thereby violated its enabling legislation.*Id.* In its "act of state" ruling, this Court already has rejected Defendants' contention that these lawsuits challenge the validity of the German government acts. *See Norwood v. Raytheon Co.*, 455 F. Supp. 2d 597, 602 (W.D. Tex. 2006). *Laker* has no bearing on this products liability action.

Third, Defendants cite *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985), in support of their far-reaching "active participation" theory. In *Freeman*, the plaintiffs sued a diverse parent corporation on the theory that it was acting as the "alter ego" of its non-diverse subsidiary with respect to the complained-of conduct. *Id.* at 554. By the plaintiffs' own admission in that action, the absent subsidiary was the active party, whom they excluded solely for jurisdictional purposes. *Freeman* is plainly inapplicable. In these actions, Plaintiffs do not contend that the Defendants were acting as the "alter ego" of Germany. They contend that Defendants misled the United States and German governments.

Finally, Defendants cite *Payan*, *supra*, which, unlike any of the above decisions, involved a products liability tort claim. *Payan* recognized such a case to be very different from *Haas* and *Freeman*, holding that the absent potential joint tortfeasor was a permissive rather than a necessary party. *Payan*, 232 F.R.D. at 589-90. Both the reasoning and the result in *Payan* are fatal to Defendants' motion.

### 3. Defendants' Contentions Regarding Potential Claims for Contribution Are Contrary to Controlling Law

Defendants argue that their potential contribution claims against Germany, as a potential joint tortfeasor, make Germany a necessary party under Rule 19(a). Docket No. 35, at 9-12. Defendants' argument is contrary to controlling law. "The Fifth Circuit has plainly stated that 'Rule 19 does not require the joinder of joint tortfeasors … [or] persons against whom [a defendant has] a claim for contribution.'" *James*, 159 F. Supp. 2d at 551 (quoting *Nottingham v. General Am. Comm. Corp.*, 811 F.2d 873, 880-81 (5th Cir. 1987).

Defendants concede that "[t]he availability of this separate contribution action generally renders joint tortfeasors unnecessary in the primary litigation because the defendant has a procedural means of protecting itself in the later action." Docket No. 35, at 11. Defendants seek to escape this controlling law by arguing that, even though they could bring a claim for contribution in Germany, proceeding in that jurisdiction would be "hollow." *Id.* at 12. They speculate that their contribution claim may not be as successful as they might wish. But it is the availability of a separate contribution action, not some guaranteed result in defendants' favor, that makes joint tortfeasors permissive parties under Rule 19. "The mere fact that [defendants] could be faced with 'logically inconsistent' verdict denying recovery in a later suit for contribution or indemnity does not change this result." *James*, 159 F. Supp. 2d at 552 (citation omitted). Defendants have cited no authority entitling them to a guaranteed consistent result in a later action for contribution or indemnification.

Defendants misunderstand the concept of double liability. Regardless of whether a German court grants Defendants the full contribution to which they believe they will be entitled, they are at no risk of incurring double liability under Rule 19(a). The possibility that a party "may bear the whole loss if it is found liable is not the equivalent of double liability. It is instead a common result of joint and several liability and should not be equated with prejudice." *Janney*, 11 F.3d at 411. In fact, Defendants "cannot be subjected to double or multiple obligations since [their] liability is several for the entire amount." *James*, 159 F. Supp. at 552 (quoting *Pasco*, 637 F.2d at 503 (quoting 3A Moore's Federal Practice ¶ 19.07-1(2.-2) at n.45 (2d ed. 1979))).

### 4. Germany's Potential Status as a Partial Subrogee Does Not Make it a Necessary Party under Rule 19(a)

As a preliminary matter, neither the declaration of Defendants' expert declaration nor any other evidence even implies that Germany has claimed any interest in this action. Indeed, it is inconceivable that the Germany's interest would be anything other than in favor of the Plaintiffs in this case. There is no genuine legal or factual basis for defendants' contention that the German government is a partial subrogee within the meaning of the insurance cases cited by Defendants.

Moving beyond these preliminary matters, it is not necessary to decide whether Germany is a partial subrogee. Under controlling law, even if Germany were a partial subrogee, it would not be a necessary party. Defendants rely on *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 382 (1949). Docket No. 35, at 12. The Fifth Circuit specifically has rejected reliance on this authority for the proposition advanced by Defendants. Following the 1966 amendments to Rule 19(a), in cases "where the suit is brought by the insured (as distinguished from the insurer) and for the full amount of the loss" the potential subrogee in not a necessary party. *Dudley v. Smith*, 504 F.2d 979, 983 (5th Cir. 1974). The Fifth Circuit rejected the contention that the plaintiff's "insurer should have been joined as a party plaintiff because of its status as a partial subrogee to the cause of action against appellant." *Id.*

This Court can render a complete and final decision as between the parties in this case. No other claim is inextricably bound up with the primary claim of injury in a way that requires the presence of Germany in the primary suit. Instead, and at best, Defendants claim that Germany paid some portion of plaintiffs' damages – the cost of health care. Even if Defendants produced some evidence suggesting that they would be subject to a subrogation claim, the Court could

address that problem in its verdict. It is not impossible, as Defendants suggest, to fashion relief that would protect them against paying the same medical bills twice. *See Prudential Lines, Inc. v. General Tire Int'l Co.*, 74 F.R.D. 474, 475 (S.D.N.Y. 1977) (recovery may be impressed with a trust for the benefit of the partial subrogee); *Cleaves v. De Lauder*, 302 F. Supp. 36, 38 (N.D. W.Va. 1969) ("If plaintiff should obtain a judgment against defendants, all contractual subrogation interests can be brought before the Court and properly protected.").

  **B.**  **Germany Is Not an Indispensable Party**

Since joint tortfeasors are not necessary parties, they cannot be indispensable. *See* James W. Moore et al., 4 Moore's Federal Practice § 19.06[2] ("Because indispensable parties are a subset of necessary parties, joint tortfeasors cannot be indispensable.") If the Court finds that the requirements of Rule 19(a) are not satisfied, it is not necessary to perform an analysis under Rule 19(b). *See James*, 159 F. Supp. 2d at 552; *Evans v. Taco Bell Corp.*, 1992 WL 40845 at *1-2 (E.D. La. Feb. 21, 1992).

Even if Germany were a necessary party under Rule 19(a), it would not qualify as an indispensable party under Rule 19(b). Rule 19(b) provides that if a "necessary" person cannot be made a party, the court shall then determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, with the absent party thus being regarded as indispensable. "Unless the court finds that a party is indispensable, therefore, it has no discretion, except in the most exceptional cases, to dismiss the case even if a necessary party cannot be joined." *Shelton v. Exxon Corp.*, 843 F.2d 212, 216 (5th Cir. 1988). There are several factors the court should consider when making this determination: (1) the extent to which a judgment rendered in the person's absence might be prejudicial to the person or those already

parties; (2) the extent to which the prejudice can be lessened or avoided, either by protective provisions in the judgment, by the shaping of relief, or other measure; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  Fed. R. Civ. P. 19(b).

Defendants have not shown that they will suffer prejudice of the kind protected by Rule 19(b).  If Germany is responsible as a joint tortfeasor, as Defendants claim, they can pursue their contribution claims in Germany.  Defendants concede that Germany's sovereign immunity would not preclude a suit for contribution against Germany in that country.  Docket No. 35, at 12.  This fact completely undercuts defendants' argument that Germany's sovereign immunity makes Germany an indispensable party under Rule 19(b). *Id.* at 16-17.

Finally, defendants continue to argue under Rule 19(b) that Germany is an indispensable party because it has potential rights as a partial subrogee.  Even in *United States v. Aetna*, discussed previously, the Supreme Court held that partial subrogees "are clearly not 'indispensable parties.'"  *United States v. Aetna*, 338 U.S. at 382 n.19.  This is the rule in the Fifth Circuit.  *See Peoples Loan & Finance Corp. v. Lawson*, 271 F.2d 529, 532 (5th Cir. 1959) ("If, here, it could be claimed that [the subrogee] was a proper or necessary party, it certainly was not indispensable.").  It is also the majority rule. *See Krueger v. Cartwright*, 996 F.2d 928, 934 (7th Cir. 1993) ("We agree with the majority of courts that have addressed the issue and applied this principle as a general rule in cases of partial subrogation.") (citations omitted);*Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78,  (4th Cir. 1973) ("the partial subrogee, is thus clearly not an 'indispensable' party to this litigation").

### III. CONCLUSION

For the foregoing reasons, the Court should deny the motion.

>Respectfully submitted:
>**KRAMON & GRAHAM, P.A.**
>
>  /s/ *Steven M. Klepper*
>James P. Ulwick
>Steven M. Klepper
>One South Street, Suite 2600
>Baltimore, MD 21202
>(410) 752-6030
>(410) 539-1269 (Fax)
>
>Enrique Moreno
>**Law Offices of Enrique Moreno**
>State Bar No. 14430500
>701 Magoffin Avenue
>El Paso, TX 79901
>(915) 533-9977
>(915) 533-0033 (Fax)
>
>Jonathan Auerbach
>**MARCUS, AUERBACH & ZYLSTRA LLC**
>P.O. Box 8876
>Elkins Park, PA 19027
>(215) 782-3300
>(888) 875-0469 (Fax)
>
>      **- and -**
>
>William A. Kershaw
>Lyle W. Cook
>**KERSHAW, CUTTER & RATINOFF, LLP**
>980 Ninth Street, Suite 1900
>Sacramento, CA 95814
>(916) 448-9800
>(916) 669-4499 (Fax)
>
>Attorneys for Plaintiffs

Dated: July 30, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | | |
|---|---|---|
| Mark N. Osborn<br>Shelly W. Rivas<br>**Kemp Smith, LLP**<br>221 N. Kansas Street<br>Suite 1700<br>El Paso, TX 79901<br>*Attorneys for Defendants* | Kevin T. Van Wart<br>Michael Dierkes<br>**Kirkland & Ellis**<br>200 East Randolph Drive<br>Chicago, IL 60601<br>*Attorneys for Defendant Raytheon Company* | Raymond B. Biagini<br>**McKenna Long & Aldridge LLP**<br>1900 K. Street, N.W.<br>Washington, DC 20006<br>*Attorneys for Defendant Honeywell International, Inc.* |
| Joanna Shally<br>**Shearman & Sterling**<br>801 Pennsylvania Avenue<br>Washington, DC 20004<br>*Attorneys for Defendant General Electric Company* | Charles F. Rysavy<br>J. Wylie Donald<br>**McCarter & English**<br>100 Mulberry Street<br>Newark, NJ 07101-0652<br>*Attorneys for Defendant Lucent Technologies, Inc.* | |

and I hereby certify that a copy of the foregoing document was mailed by first-class mail, postage prepaid, to the following non-CM/ECF participants:

| | | |
|---|---|---|
| Thomas S. Martin<br>Shaniek Mills Maynard<br>**Shearman & Sterling**<br>801 Pennsylvania Avenue<br>Washington, DC 20004<br>*Attorneys for Defendant General Electric Company* | Carole A. Cheney<br>**Kirkland & Ellis**<br>200 East Randolph Drive<br>Chicago, IL 60601<br>*Attorneys for Defendant Raytheon Company* | Kurt Hamrock<br>**McKenna Long & Aldridge LLP**<br>1900 K Street, N.W.<br>Washington, DC 20006<br>*Attorneys for Defendant Honeywell International, Inc.* |

    /s/ *Steven M. Klepper*
    Steven M. Klepper